UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL DINAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cv-00340-JAW |
| | ) | |
| ALPHA NETWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON MOTION TO TRANSFER**

The Court denies a California defendant's motion to transfer a case involving an employment dispute to the federal district court for the Northern District of California.

**I.    STATEMENT OF FACTS**

On July 21, 2010, Michael Dinan, a former employee of Alpha Networks, Inc. (Alpha), filed suit against Alpha in Maine Superior Court, Cumberland County, alleging that Alpha had violated Maine law and its employment contract by refusing to pay his wages and seeking back wages and liquidated damages. *Notice of Removal* at Ex. 1 (Docket # 1) (*Compl.*). On August 13, 2010, Alpha removed the case to this Court based on diversity of citizenship. *Notice of Removal*. On September 1, 2010, Alpha moved to change venue, arguing that the case should be transferred to the Northern District of California because under the employment agreement California, not Maine law, applies and because under an Employee Proprietary Information and Inventions Agreement (Proprietary Agreement), Mr.

Dinan consented to California jurisdiction. *Alpha Networks, Inc.'s Mot. to Transfer to the Northern Dist. of Cal.* (Docket # 10) (*Alpha's Mot.*). Mr. Dinan responded on September 15, 2010. *Michael Dinan's Mem. of Law in Support of His Objection to Alpha Networks, Inc.'s Mot. to Transfer to the Northern Dist. of Cal.* (Docket # 16) (*Dinan's Resp.*). Alpha replied on September 29, 2010. *Alpha's Reply to Dinan's Objection to Mot. to Transfer* (Docket # 19) (*Alpha's Reply*).

Michael Dinan, a resident of Portland, Maine, entered into an employment contract with Alpha, a California business, on November 11, 2005. *Compl.* ¶¶ 1-3. Mr. Dinan says he worked as a salesman for Alpha and under the terms of the employment agreement, he was entitled to receive bonuses equal to a percentage of the sales he generated for Alpha. *Id.* ¶¶ 5-6. He claims Alpha failed or refused to pay his bonuses for 2009 and for 2010. *Id.* ¶¶ 5-11. He therefore brought suit in Maine Superior Court to collect the extra wages to which he claims he is entitled. Alpha tells a different story. However, for purposes of the motion, Alpha says that the case should be transferred to the Northern District of California because California law applies and because Mr. Dinan agreed to submit to California jurisdiction when he signed the Proprietary Agreement.

## II. DISCUSSION

### A. General Principles

Under 28 U.S.C. § 1404(a), a district court is authorized "[f]or the convenience of the parties and witnesses", to transfer any civil action to any other district or division where it might have been brought. Section 1404(a) is intended to

place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009).

In exercising discretion, courts often "divide the factors they consider into private and public categories." 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3847 (2007 ed.) Private factors include "the statutory considerations of convenience of the parties and witnesses, but also often include the plaintiff's forum preference, where the claim arose, and the relative ease of access to sources of proof." *Id.* Public factors "encompass the statutory consideration of the interest of justice, focus on judicial economy and often include the district court's familiarity with the governing law, the local interest in deciding local controversies at home, and the relative congestion of the courts." *Id.*

Where the contract between the parties contains a forum selection clause, the clause "will be a significant factor that figures centrally in the District Court's calculus." *Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 51 (1st Cir. 1990) (quoting *Stewart*, 487 U.S. at 29). The First Circuit has also instructed that in evaluating a motion to transfer, district courts should consider not only the convenience of the parties and witnesses but also "the availability of documents; the possibility of consolidation; and the order in which

3

the district court obtained jurisdiction." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). Finally, "[n]ot only does the burden of proof rest with the party seeking to transfer; there is a strong presumption in favor of the plaintiff's choice of forum." *Astro-Med*, 591 F.3d at 13.

### B. The Transfer of Venue Factors

#### 1. Dinan's Choice of Forum

Mr. Dinan's "choice to file in [his] home state of Maine was both natural and permissible." *Foley v. United States*, No. 09-cv-239-P-S, 2009 U.S. Dist. LEXIS 98036 *6 (D. Me. Oct. 19, 2009). He has resided in the state of Maine throughout his employment with Alpha and he continues to reside in Maine. Under First Circuit law, Mr. Dinan's choice of forum is presumed to be correct. *Astro-Med*, 591 F.3d at 13.

#### 2. Convenience of the Parties

Mr. Dinan resides in Maine and would be inconvenienced if the case were transferred to California; Alpha does business in California and would be inconvenienced if the case remained in Maine. This factor is a draw.

#### 3. Convenience of the Witnesses

In its motion, Alpha concedes that "[t]here is no manifest inconvenience for non-party witnesses." *Alpha's Mot.* at 4. This factor, therefore, does not favor transfer.

#### 4. Availability of Documents

4

Alpha also concedes that there are no "documents in California that could not be available in Maine." *Id.* This factor does not favor transfer.

### 5. Contract Provisions

Alpha presses the point and Mr. Dinan concedes that under the employment agreement California, not Maine law, applies. *Id.* at 1; *Dinan Resp.* at 1-2. Although a California-based court would undoubtedly be more familiar with California state law than a Maine-based court, Alpha has not demonstrated that California law is particularly difficult or nuanced in this area. Hence, the Court "is unconvinced that it makes any difference which state's substantive law applies." *Foley*, 2009 U.S. LEXIS at *10-11.

Alpha further argues, however, that when he signed the Proprietary Agreement, Mr. Dinan expressly agreed to submit to California jurisdiction. The Proprietary Agreement reads:

> I hereby expressly consent to personal jurisdiction of the state and federal courts located in San Matteo, California for any lawsuit filed against me by [Alpha] arising from or related to this Agreement.

*Alpha's Mot.* at 2. But as Mr. Dinan observes, the employment agreement which forms the basis for his lawsuit against Alpha does not contain such a clause. Furthermore, the Proprietary Agreement does not require that Alpha bring a cause of action for its breach in California; it only requires that if Alpha brings a cause of action for breach of the Proprietary Agreement in California, Mr. Dinan must consent to the personal jurisdiction of the California courts. By filing suit in Maine for breach of the employment agreement, Mr. Dinan did not violate the Proprietary

5

Agreement and it was Alpha that elected to file its counterclaim in Maine based on an alleged breach of the Proprietary Agreement. *See Def.'s Answer, Affirmative Defenses, and Countercl.* (Docket # 9). Finally, as the Supreme Court explained in *Stewart*, the presence of a forum selection clause (which does not appear to have been present here) would be a "significant factor", but it would not trump the other factors a district court may consider in determining whether to transfer. *Stewart*, 487 U.S. at 29-31.

### 6. First-Filed Rule

Alpha's main contention is that "Mr. Dinan, after learning that Alpha planned on bringing suit against him in California under the [Proprietary Agreement], decided to strike first and attempt to force Alpha to litigate in Maine." *Alpha's Mot.* at 4. Alpha says that it is "improper for one party to race to the courthouse in order to gain a tactical advantage" and it "would be unjust to allow Mr. Dinan to deny Alpha its contractual right to bring its claim under the [Proprietary Agreement] in California by having rushed to file this prior to Alpha suing in California." *Id.* at 5. Here, however, Alpha's concern does not justify transfer.

Where there are two cases pending in different jurisdictions, the First Circuit has adopted the "first-filed" rule. *Coady*, 223 F.3d at 11; *Fredrick v. St. Matthew's Univ. Cayman Ltd.*, No. 06-52-P-H, 2006 U.S. Dist. LEXIS 31184, at *7-8 (D. Me. May 12, 2006) (stating that the "first-filed rule has been acknowledged in the First Circuit"). "The principle underlying the first-filed rule is that federal district courts

- - sister courts of coordinate jurisdiction and equal rank - - should, in the interest of comity and sound judicial administration, normally dismiss or transfer the second-filed action when two identical actions are filed in courts of concurrent jurisdiction." *Id*. at 8. Here, however, Alpha did not file a complaint in California and there are not two cases pending in different jurisdictions. Instead, Alpha maintains that it could have filed in California and was going to do so. Contrary to Alpha's protest, there is nothing unfair about retaining a case in the court where the first complaint was filed. This seems all the more so when no other complaint was filed in another jurisdiction.

## III. CONCLUSION

In evaluating the relevant factors, the Court concludes that Alpha Networks, Inc. has failed to bear its burden to prove that the case should be transferred. The Court DENIES Alpha Networks, Inc.'s Motion to Transfer to the Northern District of California (Docket # 10).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th Day of January, 2011