UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL DINAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:10-cv-00340-JAW |
| | ) |
| ALPHA NETWORKS, INC. | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION *IN LIMINE* FOR RULING REGARDING CHOICE OF LAW GOVERNING NOVEMBER 10, 2005 EMPLOYMENT AGREEMENT**

With trial looming Michael Dinan has presented a choice of law issue for pretrial ruling: whether Maine or California statutory remedies apply to his claims against Alpha Networks, Inc., his former employer. The Court concludes that no pretrial ruling is necessary on this issue because the differences between Maine and California remedies do not conflict and any final determination as to choice of law can be made after trial.

**I.  STATEMENT OF FACTS**

Michael Dinan filed this civil action against his former employer, Alpha Networks, Inc. (Alpha), alleging that he is owed unpaid wages pursuant to a 2005 Employment Agreement (Employment Agreement). *Pl.'s First. Am. Compl.* (Docket # 24) (*Am. Compl.*). Before trial, Mr. Dinan filed this motion *in limine*, seeking a ruling that Maine law governs the Employment Agreement.[1] *Michael Dinan's Mot.*

---

[1] The scope of Mr. Dinan's motion is unclear. The title of the motion and its introduction say that he moves to have the Court declare that Maine law governs the provisions of the Employment Agreement. *Michael Dinan's Mot.* in Limine *and Mem. of Law for Ruling that Maine Law will Govern Provisions of Nov. 10, 2005 Contract Between Michael Dinan and Alpha Networks, Inc.* at 1

in Limine *and Mem. of Law for Ruling that Maine Law will Govern Provisions of Nov. 10, 2005 Contract Between Michael Dinan and Alpha Networks, Inc.* (Docket # 54) (*Pl.'s Mot.*). He argues that Maine law should apply notwithstanding a California choice of law provision in the Employment Agreement because to apply California law would be contrary to a fundamental Maine policy. *Id.* at 3–8. Alpha responded on June 7, 2011, arguing that the Court should enforce the choice of law provision and apply California law. *Def.'s Objection to Pl.'s Mot.* in Limine *Regarding Choice of Law Governing the Nov. 10, 2005 Contract Between the Parties* (Docket # 61) (*Def.'s Resp.*). Mr. Dinan's June 13, 2011 reply rested on the arguments in his original motion. *Pl.'s Reply to Def.'s Objection to Pl.'s Mot.* in Limine *Regarding Choice of Law Governing the November 10, 2005 Contract Between the Parties* (Docket # 64).

## II. DISCUSSION

The parties agree that the Employment Agreement contains a choice of law provision:

> The terms of this letter shall be governed by and construed and enforced in accordance with the laws of the State of California, without giving effect to any choice or conflict of law provision or rule (whether of the State of California or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of California. Any term or provision of this letter agreement that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction.

---

(Docket # 54) (*Pl.'s Mot.*). However, the motion's conclusion seeks a ruling "that Maine law will govern this employment dispute, particularly with regard to the claim involving 26 M.R.S. § 626." *Id.* at 8. The reasoning in between does not clarify this ambiguity.

*Pl.'s Mot.* Attach. 2 (*Employment Agreement*); *Def.'s Resp.* at 1.

The parties further agree that Restatement (Second) Conflicts of Law § 187(2) (1971) controls whether the Court should enforce the choice of law provision. *Pl.'s Mot.* at 4; *Def.'s Resp.* at 2–3. Because the Court's jurisdiction is based on diversity, Maine's choice of law rules apply. *See Montalvo v. Gonzalez-Amparo*, 587 F.3d 43, 46 (1st Cir. 2009). Under Maine law, the courts will enforce a contractual choice of law provision

> "unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no reasonable basis for the parties' choice, or (b) the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue. . . ."

*Schroeder v. Rynel, Ltd.*, 1998 ME 259, ¶ 8, 720 A.2d 1164, 1166 (quoting Restatement (Second) Conflicts of Laws § 187(2) (1971)); *see also Thompson v. Miles*, 741 F. Supp. 2d 296, 304 (D. Me. 2010). Mr. Dinan "does not challenge the fact that Alpha has a substantial relationship to the parties or the transaction." *Pl.'s Mot.* at 4. He does challenge whether application of California law to the Employment Agreement would be contrary to a fundamental Maine policy. *Id.* at 4–7.

Count I of Mr. Dinan's Complaint states a claim under 26 M.R.S. § 626, which provides a cause of action for former employees to recover unpaid wages. *Am. Compl.* Mr. Dinan contends that to apply California law to this Employment Agreement would be contrary to fundamental Maine policy as expressed in section 626. He cites one difference between Maine and California statutes pertaining to

3

the remedies provided by section 626 and by section 203 of an analogous section of the California Labor Code. *Pl.'s Mot.* at 6. Mr. Dinan notes that Maine section 626 entitles prevailing employees to "a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including reasonable attorney's fees" 26 M.R.S. § 626; whereas, California section 203 allows only a penalty of up to thirty days' worth of wages. CAL. LABOR CODE § 203(a) (West, Westlaw through Ch. 28 of 2011 Reg.Sess. and Ch. 2 of 2011–2012 1st Ex. Sess.).

The parties discuss one Maine case: *Schroeder v. Rynel, Ltd.*, 1998 ME 259, 720 A.2d 1164. In *Schroeder*, the defendant filed a dispositive motion, arguing that a contractual choice of law provision precluded the plaintiff's state law claims. *Id.* at ¶ 6, 720 A.2d at 1165. The choice of law provision between the plaintiff employee and defendant employer stipulated that Delaware law governed any disputes about the employment agreement. *Id.* at ¶ 10, 720 A.2d at 1166. For purposes of its analysis, the Maine Supreme Judicial Court assumed that section 626 "set[s] forth a fundamental policy of Maine." *Id.* at ¶ 12, 720 A.2d at 1166. The *Schroeder* Court compared section 626 to an analogous Delaware statute, and after noting that section 626 entitled prevailing plaintiffs to a greater recovery than the Delaware provision, the *Schroeder* Court concluded that "[t]he application of Delaware law to [the plaintiff]'s claim only violates that policy if there are 'significant differences in the application of the law of the two states.'" *Id.* at ¶ 12, 720 A.2d at 1166–67 (quoting *Banek, Inc. v. Yogurt Ventures U.S.A. Inc.*, 6 F.3d 357, 362 (6th Cir. 1993)).

4

Commenting it would "not refuse to apply Delaware law merely because a different *result* would be reached pursuant to Maine law," the Maine Supreme Judicial Court upheld summary judgment in favor of the defendant on the ground that the trial court properly applied Delaware law. *Id.* at ¶ 13, 720 A.2d at 1167 (emphasis in original).

Mr. Dinan argues that the Court should break from *Schroeder*'s conclusion because the discrepancy between Maine section 626 and California section 203 would be greater than the discrepancy between the statutes in *Schroeder*. *Pl.'s Mot.* at 5-7. Assuming Mr. Dinan is correct that a marked disparity in remedy could violate fundamental state policy, the Court cannot conclude, in light of *Schroeder*, that the specific remedies available under section 626 represent a fundamental Maine policy or that the disparity between California and Maine law is so dramatic that to apply California law would violate fundamental Maine policy.

At the same time, the Court is unclear why the parties need to know before trial whether the Maine or California statute applies. The sole difference between the two provisions is the extent of damages. If California section 203 applies, Mr. Dinan would be limited to 30 days of lost wages and if Maine section 626 applies, Mr. Dinan would be entitled to the amount of the lost wages, doubled with attorney fees and interest. If the Maine statute applies, the jury will not be asked to double the amount it finds as lost wages, the amount of interest, or attorney fees. The Court will make those determinations after trial. Thus, if it finds liability, the jury could simply be asked two questions: 1) what is the total amount of the Plaintiff's

5

unpaid wages; and, 2) what is the amount of thirty days' worth of lost wages. If the jury does not find Alpha liable at all, the jury will not reach either question. If the jury does find Alpha liable, the parties will have the answer to both questions and the Court can determine which figure to reduce to judgment, assuming there is a difference.

At this point, the Court does not understand why an alternative remedy approach on this issue cannot be pursued by the parties and the Court will hold a conference of counsel on this issue before trial commences.

## III. CONCLUSION

The Court DISMISSES without prejudice Plaintiff Michael Dinan's Motion *in Limine* (Docket # 54).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2011